**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JO ANNE M. CHANDLER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | Case No.: 11-cv-5241<br><br>ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

Defendant United States of America ("Defendant") brings its motion to dismiss the complaint. Plaintiff, in response, has filed a Motion to Strike the Motion to Dismiss. The Court first considers the merits of the motion to strike, since striking Defendant's motion would preclude the Court from reaching the merits of Defendant's motion.

Having read and considered the papers submitted and the pleadings in this action, and for the reasons stated below, the Court DENIES Plaintiff's Motion to Strike and GRANTS Defendant's

Motion to Dismiss.[1]  Plaintiff is afforded leave to amend the complaint to cure the deficiencies outlined herein, if possible.

## BACKGROUND

Plaintiff filed her complaint October 27, 2011. She attaches to the complaint a copy of a Notice of Deficiency which indicates, on its face, that it was issued on August 9, 2011. The Notice of Deficiency states that the IRS had determined that Plaintiff owed additional taxes for the years 2007, 2008, and 2009, plus penalties. The notice indicates that if Plaintiff wanted to contest the deficiency in court before making a payment, she had 90 days from the date of the letter to file a petition with the United States Tax Court for a redetermination of deficiency.

Plaintiff's complaint does not allege that she filed such a petition. To the contrary, Plaintiff alleges that the notice included interest and penalties of $43,506, and that Plaintiff deposited that sum with the U.S. Treasury (Complaint at pg. 3b, line 16-17.)[2] Plaintiff does not allege that she filed a claim for refund of the amount paid.

## PLAINTIFF'S MOTION TO STRIKE

Plaintiff seeks to strike Defendant's Motion to Dismiss on the grounds that it was untimely filed. Plaintiff contends that Defendant was served on October 31, 2011, and therefore a response was due no later than December 30, 2011. Defendant's Motion to Dismiss was not filed until January 6, 2012.

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) provides that the court "may order stricken from any pleading any insufficient defense or

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court rules on the instant motions without oral argument.

[2] On January 10, 2012, Plaintiff filed a document entitled "CORRECTIONS to the Complaint filed October 27, 2011" which stated that the amount on page 3b, line 16 "should read $34,506 plus interest charges of $3666,02 [sic] = TOTAL of $38,172.02." No additional allegations about the amount paid by Plaintiff or a claim for refund were made in this corrections document.

any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystem, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

Rule 12(f) does not specifically provide for striking an entire responsive pleading as untimely, and though the statute has been construed to allow it, it is generally disfavored as being against the strong policy of hearing matters on their merits. *See Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp.2d 2, 7-8 (D.D.C., 2004).

Defendant's motion to dismiss was filed seven days late. *See* Fed. Rules Civ. Proc. 12(a)(2) (United States must file responsive pleading within 60 days of service).[3] While the Court has the discretion to strike the motion, it exercises such discretion in favor of deciding cases on their merits. Under the circumstances, there appears to have been no undue delay and no prejudice to Plaintiff. Plaintiff's Motion to Strike is DENIED.

**DEFENDANT'S MOTION TO DISMISS**

On a motion to dismiss pursuant to Rule 12(b)(1), the applicable standard turns on the nature of the jurisdictional challenge. A defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In evaluating a facial attack on jurisdiction, the court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno,* 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).

---

[3] Defendant's argument in response to the Motion to Strike to the effect that no personal jurisdiction was obtained over the United States is without merit. Defendant asserts that service was made upon it on October 31, 2011. (See Defendant's Response at 2:20-21.) Defendant appeared in this action on January 6, 2012, and did not assert lack of personal jurisdiction at that time. Fed. R. Civ. P. 12(h).

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article Ill of the United States Constitution and statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject matter jurisdiction. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.,* 975 F.2d 1412, 1415 (9th Cir. 1992). The court is under a continuing duty to dismiss an action whenever it appears that it lacks jurisdiction. *Id.*; *see also Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003); *Attorneys Trust v. Videotape Computers Prods.. Inc.,* 93 F.3d 593, 594-95 (9th Cir. 1996).

The burden of establishing that a cause lies within this limited jurisdiction rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). Thus, in the present action, Plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over her complaint. *See,e.g., Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

The Court considers the motion to be a facial challenge to its subject matter jurisdiction. Though evidence is offered to the effect that a search was conducted and no record of a refund claim by Plaintiff for the tax years at issue was found, (Declaration of Thomas Moore, filed January 6, 2012), Defendant essentially makes a challenge based on the allegations of the complaint.

A.    Failure to Exhaust Administrative Remedies

Plaintiff's claim is one for refund of taxes and penalties paid. She alleges that she paid the taxes assessed. Regardless of whether that allegation is true, Plaintiff is obligated to make a claim to the IRS for a refund of that money, and allow the IRS an opportunity to respond to that claim, before she can proceed in the federal court. 26 U.S.C. §7422; 26 U.S.C §6532; see also *Brennan v. Southwest Airlines Co.* 134 F.3d 1405, 1412 (9th Cir. 1998).

4

The federal court's jurisdiction is limited. It is particularly limited in challenges to taxes assessed. As the U.S. Supreme Court stated in *Dalm*, "[d]espite its spacious terms, [28 U.S.C.] §1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions. . . [including] §7422(a)." *U.S. v. Dalm* 494 U.S. 596, 601-602, 110 S.Ct. 1361, 1364-1365 (1990).

Plaintiff had the opportunity to challenge the Notice of Deficiency by a petition to the Tax Court prior to paying the amount in the notice of deficiency. 26 U.S.C. §§6212(a), 6213(a); *see also Gulden v. U.S.* 287 Fed.Appx. 813, 817, 2008 WL 2838768, 3 (11th Cir. 2008). Plaintiff also had the option of paying the taxes as set forth in the notice of deficiency and then seeking a refund. 26 U.S.C. §§6532, 7422; *Brennan*, supra, 134 F.3d at 1412. What she did not have the option to do was to come directly to this Court to seek her refund, since this Court has no jurisdiction unless and until she makes a claim for refund to the IRS.[4]

Thus, the motion to dismiss must be granted on the grounds that, as pleaded, the Court is without jurisdiction over the subject matter. Plaintiff is granted leave to amend to allege, if possible, compliance with this jurisdictional prerequisite.

B.   Declaratory Relief Not Available

Plaintiff's complaint also seeks declaratory relief. The Declaratory Relief Act, 28 U.S.C. §2201, defines the nature of the claims that may be brought as a declaratory relief action in the federal

---

[4] Defendant also argues that this Court lacks jurisdiction because Plaintiff has not demonstrated an explicit basis for waiver of the sovereign immunity of the United States. However, Defendant notes that 28 USC §1346 expressly waives sovereign immunity where the action is a civil action against the United States for recovery of any internal revenue tax "alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 USC §1346(a)(1). Thus, the merits of the argument turn entirely on whether Plaintiff has met the prerequisites for bringing such an action, not upon the lack of any express basis for waiver of sovereign immunity.

courts. With a limited exception regarding determination of 501(c)(3) status no applicable here, the statute specifically excludes disputes regarding federal taxes. 28 USC §2201. Thus, to the extent Plaintiff seeks declaratory relief in connection with the Notices of Deficiency and her payment of the taxes assessed therein, it is not available in this Court.

## CONCLUSION

Defendant's motion to dismiss is GRANTED. Plaintiff has leave to amend to allege a proper basis for subject matter jurisdiction. Any amended complaint shall be filed no less than 21 days from the date of this order. Any response thereto shall be filed no less than 21 days from service of the amended complaint.

The Court hereby sets this case on its compliance calendar to determine whether plaintiff filed her amended complaint. The date set is Friday, March 9, 2012 at 9:01 a.m. **No appearance is required.** If plaintiff files the amended complaint, the Court will vacate the conference. If plaintiff fails to amend, the case will be dismissed under Rule 41(b) for failure to prosecute. *Toyota Landscape Co., Inc. v. Building Material & Dump Truck Drivers Local 420* 726 F2d 525, 528 (9th Cir. 1984).

IT IS SO ORDERED.

February 7, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**