**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JO ANNE M. CHANDLER**,<br><br>             Plaintiff,<br><br>      vs.<br><br>**UNITED STATES OF AMERICA**,<br><br>             Defendant. | Case No.: 11-cv-5241 YGR<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT** |

Plaintiff Jo Anne M. Chandler ("Plaintiff") filed the instant action on October 27, 2011, alleging entitlement to a refund and declaratory relief in connection with a notice of tax deficiency sent to her by the Internal Revenue Service on August 9, 2011. Defendant United States of America ("Defendant") brought a motion to dismiss the original complaint, which the Court granted with leave to amend by order issued February 7, 2012. Plaintiff filed her Amended Complaint on February 14, 2012.

Defendant brings the instant motion to dismiss the Amended Complaint on the grounds that this Court lacks jurisdiction and that declaratory relief is unavailable. Plaintiff filed her objection to the motion on March 20, 2012.

Having read and considered the papers submitted and the pleadings in this action, and the oral arguments of the parties, and for the reasons stated below, the Court GRANTS Defendant's Motion to

Dismiss. However, such dismissal is without prejudice to Plaintiff filing a new action once she has exhausted her administrative remedies through the refund claim process with the IRS.

## DISCUSSION

Plaintiff filed her original complaint October 27, 2011, and attached a copy of a Notice of Deficiency which states on its face that it was issued August 9, 2011. The Notice of Deficiency indicates that the IRS determined Plaintiff owed additional taxes for the years 2007, 2008, and 2009, plus penalties.

In her Amended Complaint, Plaintiff alleges that she paid the taxes, interest and penalties owed. (Amended Complaint at 5:11-12.) She further alleges that she filed a request for refund of those monies and a request for abatement "just following my payment to" the IRS. (Amended Complaint at 8:9-11.) Plaintiff attaches to the Amended Complaint items she avers are copies of her claims for refund and proof of receipt by the IRS. Those documents indicate that she submitted her claims on October 5, 2011, and that they were received by the IRS on that same date. She does not allege that the IRS denied her claim prior to the filing of the instant action.

In its motion, Defendant offers no evidence to controvert Plaintiff's claims.

As stated in the ruling on the prior motion, the federal court's jurisdiction is limited. It is particularly limited in challenges to taxes assessed. The statutes granting federal district courts jurisdiction to hear tax refund challenges require Plaintiff to make a claim to the IRS for a refund and to allow the IRS an opportunity to respond to that claim before she can proceed in the federal court. 26 U.S.C. §7422; 26 U.S.C. § 6532; *see also Brennan v. Southwest Airlines Co.* 134 F.3d 1405, 1412 (9th Cir. 1998). An action in the federal court can be filed only after the IRS responds or after six months has passed from the time of filing. 26 U.S.C. § 6532 (no lawsuit may be filed until "expiration of 6 months from the date of filing the claim required under such section unless the

Secretary renders a decision thereon within that time, [but before] the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relate.")

Defendant here has offered no evidence in support of its motion, relying strictly on a facial challenge. The Court looks only to the allegations of the Amended Complaint and the exhibits attached thereto.

It appears from the face of the complaint that Plaintiff has made her claims for refund as required by Section 6532, but that she has filed her complaint with the federal court before giving the IRS the required time to respond to those claims. At the hearing, counsel for Defendant conceded that the documents attached to the First Amended Complaint, showing receipt by IRS of a request for refund on October 5, 2011, appeared to be accurate.[1] Thus, the required six months from submission of the refund claim will have run as of April 5, 2012.

As a result, the motion to dismiss this action must be granted on the grounds that the Court is without jurisdiction over the subject matter. No leave to amend is granted within this action, as there appears to be no way to amend the complaint to cure the present jurisdictional defect.

However, the dismissal of this claim is without prejudice to Plaintiff filing a new complaint immediately, as such complaint would be after the statutory time period for response from the IRS has passed. 26 U.S.C. § 6532.[2]

---

[1] Counsel for Defendant further indicated that the refund claims, while received, may have been misplaced in processing by the IRS, resulting in the lack of a response from IRS.

[2] At the hearing, counsel for Defendant indicated that, under the circumstances, it was possible for the United States to consent to waive the jurisdictional defect, but that he would first have to obtain his supervisor's approval and doing so could result in some delay. Counsel suggested that a more expeditious route would be for Plaintiff to file a new complaint as to which the Court could waive any new filing fee. The Court concurred with the suggestion.

To the FAC attempted to state a separate claim for declaratory relief, such a claim is not viable. As stated in the Court's prior order, the Declaratory Relief Act, 28 U.S.C. §2201, limits the nature of the claims that may be brought as a declaratory relief action in the federal court. An action seeking declaratory relief regarding a dispute "with respect to federal taxes" is expressly forbidden by the statute. *Cf.* 28 U.S.C. § 2201(a) (no declaratory relief regarding tax disputes except as to status and classification of 501(c)(3) organizations). The motion to dismiss is therefore **GRANTED** as to the claim for declaratory relief and dismissal of the claim for declaratory relief based on these facts is with prejudice.

## CONCLUSION

Defendant's motion to dismiss is **GRANTED** and the action herein is **DISMISSED**. Such dismissal is without prejudice to filing a complaint alleging that Plaintiff has satisfied the jurisdictional prerequisites for a claim challenging the notices of deficiency for tax years 2007, 2008, and 2009. Plaintiff is directed to file her new complaint forthwith.

The Court ORDERS that such new action will be deemed related to the instant case and assigned to this Court.

Further, this Court ORDERS that the filing fee for the new action shall be and is WAIVED.

IT IS SO ORDERED.

April 10, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**